**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **United States of America**, | **Case No: 2:23-cr-00046** |
| Plaintiff, | **Judge Graham** |
| v. | |
| **Melissa Caudill,** | |
| Defendant. | |

**<u>OPINION & ORDER</u>**

This matter is before the Court upon Defendant Melissa Caudill's motion for early termination of supervised release. Doc. 33. On September 22, 2023, this Court sentenced Mrs. Caudill to a term of imprisonment of 12 months and 1 day, to be followed by a term of supervised release of 3 years, for one count of Bank Fraud, 18 U.S.C. § 1344(2). Doc. 26. The Court also ordered her to pay $104,300.80 in restitution. *Id.* Mrs. Caudill began her 3-year term of supervised release in June 2024. The government opposes her motion. Doc. 35. For the following reasons, the Court **DENIES** the motion.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances-such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Under 18 U.S.C. §3583(e), the Court may

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal

1

> Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Before denying a motion for early termination, the Court must consider the relevant sentencing factors under 18 U.S.C. § 3553(a). *United States v. Tavarez*, 141 F.4th 750, 758 (6th Cir. 2025).

Mrs. Caudill's motion contains no specific reference to any § 3553(a) factors. Doc. 33. Rather, Mrs. Caudill cites the extent to which she has "successfully complied with all conditions of supervised release," and argues that her "consistent payment of restitution, stable employment, ongoing mental-health treatment, and violation-free supervision make early termination appropriate in this case." *Id.* # 144-45. Mrs. Caudill has served more than 1 year of supervised release and therefore meets the threshold requirement.

Nevertheless, the government opposes her motion for early termination. Doc. 35. The government points to the seriousness of Mrs. Caudill's offense, which involved the theft of $105,810.80 from an elderly man with dementia and his wife, over the course of 4 years. Doc. 35, # 151; doc. 18, # 67. The government also disputes Mrs. Caudill's assertion that her compliance with the terms of her supervision justifies early termination. Doc. 35, # 151. The Court agrees that Mrs. Caudill has not identified justifiable grounds for early termination.

## SENTENCING FACTORS

The Sixth Circuit directs the Court to consider the following sentencing factors before denying a motion for early termination of supervised release:

(1) the nature and circumstances of the offense and the defendant's history and characteristics;

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentence and sentencing range established from the defendant's crimes;

(4) pertinent policy statements issued by the United States Sentencing Commission;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D) & (4)–(7)) (formatting supplied); *Tavarez*, 141 F.4th at 758. However, the Court is not required to "articulate its analysis of each sentencing factor as long as the record demonstrates that the Court considered the relevant factors." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

Of the factors listed above, the Court is most concerned with the seriousness of the offense. As described in the PSR, Mrs. Caudill's offense conduct involved abusing the trust of a vulnerable victim for over 4 years. Doc. 18, # 67. Beyond the serious financial harm—the victimized couple was forced to sell their home—her offense inflicted substantial emotional distress. *Id.* at # 68. The husband had maintained a banking relationship with Mrs. Caudill for a decade prior to the start

of her offense conduct, which coincided with the onset of his dementia. *Id.* at # 65. He "was unable to understand why Mrs. Caudill would steal money from them." *Id.* at # 68. His wife believes that Mrs. Caudill's actions led to his death. *Id.*

Nevertheless, she received a below-guideline (15 to 21 months) sentence of 12 months and 1 day. Her 3-year term of supervised release is on the lower range of the guideline (2-5 years). Her compliance with supervision and her consistent payment of restitution, while commendable, does not warrant further abbreviation of her sentence.

The Court also finds that the sixth factor, concerning the need to provide restitution, weighs heavily in this case. Though Mrs. Caudill has made some progress with her consistent payments, she still owes over $90,000. Remaining on supervision will help ensure that Mrs. Caudill continues to make progress toward this important obligation.

### CONCLUSION

After considering and weighing the relevant statutory factors and the information in the record, the Court concludes that early termination of supervised release is not warranted. Defendant's motion for early termination of supervised release (doc. 33) is therefore **DENIED**. This result does not preclude Mrs. Caudill from seeking early termination of her supervised release in the future.

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
DATE: February 26, 2026                 United States District Judge

4